WILLARD HAMMOND, APPELLANT, V. CHAMBERLAIN BANKING HOUSE ET AL., APPELLEES.

FILED APRIL 6, 1899. No. 8832.

1. **Judicial Sale: RIGHTS OF PURCHASER: PRIOR LIENS.** A purchaser at a judicial sale cannot, in the absence of special circumstances, maintain an original action to enjoin the enforcement of a prior lien of which he was ignorant at the time he acquired his title.

2. ————: ————: ————. If one who has bought property at a judicial sale under a mistake of fact in regard to the title, discovers his error before confirmation, his ordinary remedy is an application to the court to be released from his bid.

3. ————: MISREPRESENTATION OF SHERIFF: LIABILITY OF PLAINTIFF. A creditor is not responsible for erroneous representations made by an officer conducting a sale under process issued on a judgment in his favor, unless he has either authorized such representations or acquiesced therein.

4. **Action by Purchaser at Judicial Sale for Injunction Against Enforcement of Prior Lien: JUDGMENT FOR DEFENDANTS.** The evidence examined, and *held* to sustain the findings and judgment of the trial court.

APPEAL from the district court of Johnson county. Heard below before LETTON, J. *Affirmed.*

*Daniel F. Osgood,* for appellant.

*M. B. C. True, contra.*

SULLIVAN, J.

This suit was commenced by the appellant to obtain a perpetual injunction against a threatened execution sale of eighty acres of his real estate in Johnson county. The property was originally owned by George Goracke, for the satisfaction of whose debts it was regularly sold to Hammond by the sheriff, acting under valid orders of sale issued out of the district court in certain actions wherein the Chamberlain Banking House and others were plaintiffs and Goracke was defendant. Prior to the lien of the judgments on which the orders of sale issued, were a mortgage in favor of the Tecumseh National Bank, a judgment for about $100 in favor of the Chamberlain Banking House recovered in 1893, a judgment in favor of W. B. Compton recovered in 1894, and the taxes due for the last named year. The theory of Hammond is that the land was, with the authority and consent of the Chamberlain Banking House, sold subject only to the lien of the mortgage and taxes. The question for decision is one of fact. There is some conflict in the evidence, but the trial court was undoubtedly right in finding the issues in favor of the defendants. The sheriff announced at the sale that the property would be sold subject to the mortgage and the taxes, but he did not declare that those were the only prior liens. Hammond may have put that construction upon the language used and may have acted on a false assumption in making his bid, but that was his fault; and he certainly cannot allege his own palpable negligence as a ground for relief in an original action. It has been even held that a purchaser at a

foreclosure sale could not be released from his bid although it was made under a mistake resulting from an unwarranted overconfidence in representations of the officer making the sale. (*Norton v. Nebraska Loan & Trust Co.*, 35 Neb. 466; same case on rehearing, 40 Neb. 394.) Whatever may be said of the doctrine of the *Norton Case*, it is entirely clear that in the case at bar there was no circumstance which deterred or forbade the appellant from exercising for his own protection that reasonable caution and vigilance which the rule of *caveat emptor* exacts of those who purchase property at judicial sales. He should have acquainted himself with the condition of the title in which he was about to invest his money. He should not have relied upon the sheriff's statement nor on his own inference from the fact stated. That the representative of the Chamberlain Banking House neither authorized nor knew of the special announcement made by the sheriff is pretty conclusively established. It is also proven quite satisfactorily that Hammond's attorney had actual knowledge of the prior judgment before the order of confirmation was entered. This being so, he should have resisted confirmation and asked to be released from his bid. This was a plain and adequate remedy, and, under the circumstances, it was the only remedy available. The judgment is obviously right and is

AFFIRMED.